UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

IN RE: CHRISTOPHER B. COOPER            :
       DEBORAH WAGES COOPER         :   Case No. 8:12-bk-07858-CPM
       Debtor(s)                                :   Chapter 7
_____/

**CREDITOR'S OBJECTION TO REPORT AND NOTICE OF INTENTION TO SELL
NON-EXEMPT PROPERTY OF THE ESTATE AT PRIVATE SALE**

Secured Creditor, The Bank Of New York Mellon FKA The Bank Of New York As Trustee For The Certificateholders Of The CWALT, Inc., Alternative Loan Trust 2005-J11 Mortgage Pass-Through Certificates, Series 2005-J11, as serviced by Bank of America, N.A. ("**Creditor**"), by and through its undersigned counsel, files its objection to the Trustee's Notice of Intention to Sell Property of the Estate (the "**Motion**") (ECF No. 38) and requests that the Trustee Abandon the Property, the sale be denied, or in the alternative, allow the sale of subject property free and clear of all liens to Creditor pursuant to 11 U.S.C. 363(f), or in the alternative permit Respondent to credit bid at the sale pursuant to 11 U.S.C. 363(k) and states as follows:

    1.    The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on May 21, 2012.  The Debtors received their discharges on August 28, 2012.

    2.    Richard M. Dauval was appointed Chapter 7 Trustee (the "**Trustee**") for the case.

    3.    The Court has jurisdiction of this matter pursuant to 28 U.S.C. §157(b)(2)(A), (b)(2)(G) and §1334.

    4.    Creditor is secured in this case because it is the holder/servicer of a Note and Mortgage encumbering the real property commonly known as 925 ALLEGRO LANE, APOLLO BEACH, FL 33572 (the "**Property**") and more particularly described as:

> **Lot 5, Block1, Symphony Isles Unit Four, according to the plat thereof as recorded in Plat Book 59, Page 19, of the Public Reocrds of Hillsborough County, Florida.**

5. On or about April 9, 2013, the Trustee filed a Motion to Sell Real Property Free and Clear of Liens, Encumbrances and Interest with Consent of Senior Lienholder (ECF No. 29). Creditor filed a response to that motion (ECF No. 32). The Motion was granted subject to consent of the lender at a hearing on or about May 13, 2013. As of the date of this response no order has been entered.

6. On October 2, 2013, the Trustee filed the Motion with Negative Notice to MDTR LLC, As Trustee, 424 E. Central Blvd., Orlando, FL 32801 (the "**Buyer**") for $2,500.00.

7. To date, Creditor has not approved any short sale agreement. The sale in the Motion contemplates paying Creditor less than its full payoff without its consent.

8. Creditor objects to the sale and requests time to review the sale terms in order to decide if Creditor might be better served by bidding at the sale.

9. Creditor objects to the sale because the Motion contains no proposed contract of sale, no HUD-1 for Creditor to review. The Motion is unclear whether the lien of Creditor will attach to the proceeds of the sale contemplated by the Motion.

10. Creditor objects to the transfer of the Property, even if the sale is subject to Creditor's Mortgage, without the ability to review the financial condition of the buyer and all the terms of sale.

11. The sale contemplated by the Motion violates the mortgage provisions regarding Sale Without Credit Approval and Occupancy.

12. The sale contemplated by the Motion will be of little to no benefit to creditor and will only add confusion to the lienholders rights to attempt to collect their collateral upon the conclusion of the case or the granting of relief.

13. The Debtors have not been released from the terms of the Mortgage. The Debtors' discharge relieves them of personal liability under the Note and Mortgage, but Creditor's lien remains intact.

14. The Motion contains language that states, "The trustee, until the expiration of the time with which parties may object to the proposed sale, will entertain any higher bids for the purchase of the Property being sold."

15. Using the Schedules of the Debtor as an approximation, there is no equity in the fully encumbered Property and the sale will result in only a *de minimus* distribution; thus the Property should be abandoned.

16. After accounting for the administrative expenses and litigation costs to be borne by the estate resulting from the recovery and sale of the property, the Trustee's commission, and the tax liability which must be treated as an administrative expense, the *actual* benefit to the creditors might be wholly insignificant. Accordingly the trustee must consider whether sufficient funds will be generated to make a meaningful distribution to unsecured creditors before administering a case as an asset case. 28 U.S.C. §586.

17. Selling a fully-encumbered asset of the estate is not only prohibited by the case law, but is a breach of the Trustee's fiduciary duty of loyalty to the Secured Creditor. Selling the collateral of a secured creditor hinders that creditor's ability to enforce the security instruments and devalues the collateral and forces the instant case not to proceed as expeditiously as it might without the contemplated sale. Selling a fully encumbered and burdensome asset of the estate is also against the guidelines contained in the Department of Justice's handbook for Chapter 7 Trustees.

> "In asset cases, when the property is fully encumbered and of nominal value to the estate, the trustee must abandon the asset and contact the secured creditor"

"Handbook for Chapter 7 Trustees" *available at* http://www.justice.gov/ust/eo/private_trustee/library/chapter07/docs/ch7hb2012/Handbook_for_Chapter_7_Trustees.pdf.

18. The Chapter 7 Trustee Handbook Chapter 4, Duties of a Trustee in the Administration of a Case, specifically includes a duty to secured creditors. The Handbook also provides:

The chapter 7 trustee is the representative of the estate. 11 U.S.C. § 323(a). The trustee is a fiduciary charged with protecting the interests of all estate beneficiaries – namely, all classes of creditors, ***including those holding secured,*** administrative, priority, and non-priority unsecured claims. (emphasis added). *Id.*

See also 11 U.S.C. §704(a)(1) and 11 U.S.C. §323(a).

19. The proposed sale to Buyer is not in the best interest of the estate and breaches the Trustee's fiduciary duty due to secured creditors because, notwithstanding being "subject to liens", the sale is highly prejudicial to Creditor. To wit: (1) the illegitimate purpose of the sale is for the Buyer to rent the property, keep the rents, and possibly defend the foreclosure action vigorously, causing significant harm to Creditor; (2) the sale of the Debtors' possessory interest and non-exempt equity will eliminate the possibility of any loss mitigation alternatives to foreclosure and prevent any cooperative short sale for a price more closely resembling market value; (3) the sale will significantly impair Creditor's ability to obtain clear title and possession of the property; (4) is burdening Creditor with all costs of protecting and maintain the property, further devaluing the property and (5) possibly subjecting Crditor to such Federal acts, including the Protecting Tenants in Foreclsoure Act, 12 U.S.C. §5220 (the "**PTFA**").

20. Creditor's ability to obtain possession of the surrendered, over-encumbered collateral is hindered by the sale of the property to a third-party because if an individual other

than the borrower is occupying the property at the time of a foreclosure sale, the purchaser is no longer entitled to an immediate writ of possession. *See* Fla. R. Civ. P. 1.580(b).

21. In reality, the nominal value the sale will provide for the unsecured creditors is nothing more than a portion, indeed a small portion, of the value taken from Creditor's diminishing equity in the property. There is no authority in the Bankruptcy Code or in the rules of equity that permits the involuntary taking of value from a secured creditor claim to pay unsecured creditors. Moreover, there certainly is nothing that permits the sale of the value of a secured creditor's claim to a third-party.

22. The practice of selling fully-encumbered property of an estate for the purpose of increasing a trustee's commission is no new occurrence. Historically courts have "condemned this particular practice of selling burdensome or valueless property simply to obtain a fund for their own administrative expenses." *In re Feinstein Family P'ship,* 247 B.R. 502, 507 (Bankr. M.D. Fla. 2000); *see also In re Pauline*, 119 B.R. 727, 728 (9th Cir BAP 1990).

23. A trustee cannot harm a secured creditor in order to improve the unsecured creditors' position. The trustee's fiduciary duty extends to all creditors, and as such, they may not partake in such a course of action. *In re Troy Dodson Constr. Co., Inc.,* 993 F.2d 1211, 1216 (5th Cir. 1993); *In re Center Teleproductions, Inc.,* 112 B.R. 567, 584 (Bankr. S.D. N.Y. 1990) ("The breadth of a trustee's fiduciary duty extends to secured creditors and he is therefore obligated to exercise due care in the preservation and custody of secured creditors' collateral.").

24. When a bankruptcy estate is created the trustee assumes control over the debtor's estate, yet remains subject to the rights that the various creditors held before bankruptcy. Hence, the trustee's actions are governed by the contracts and security instruments held by those creditors. *In re Troy Dodson Constr. Co., Inc.*, 993 F.2d 1211, 1216 (5th Cir. 1993).

25. The Motion fails to disclose which party will be responsible for payment of taxes and property insurance after the sale and before the closure of the instant bankruptcy case.

26. The Buyer would not be liable for taxes and insurance for the Property without signing a new note or mortgage including such terms. The sale contemplated by the Motion forces Creditor to continue to advance for taxes and insurance for the benefit of the Buyer.

27. The failure to abandon the fully encumbered property has required Creditor to advance payments for property taxes and insurance to preserve property of nominal value to the estate, as a result the estate is not administered as expeditiously as possible as required by Section 704(1).

28. The Buyer is not a purchaser in good faith and should not be permitted to utilize the Code for inappropriate and illegitimate purposes. This practice, which unfornutely has become prevalent recentyly, has not gone unnoticed by the courts. *See In Re Iraola*, Case No. 11-BKC-2146-RAM, (Bankr. S.D. Fla. August 17, 2011) (Mark, R.) (stating, "I'm not going to be part of approving sale to somebody that's just going to jerk around the mortgage company, rent out the property, and then walk away from it after several months. That just, to me, doesn't serve the public – that's so contrary to the public interest, you known, that to bring in a few thousand dollars into the estate. I'm – we're not going to do these deals.")

29. In the event the proposed sale is permitted by this Court over Creditor's objection, Respondent asserts that it is entitled to credit bid its secured claim pursuant to 11 USC 363(k) which provides:

> "At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property."

30. In the event the proposed sale is permitted by this Court over Respondent's objection, and Respondent is not permitted to credit bid pursuant to Section 363(k), Respondent requests the opportunity to outbid Third-Party Purchaser so as to require that Trustee abandon the property and permit Respondent to proceed with foreclosure without title to the property transferring.

31. Further, Creditor believes that it is in the best interest of the Estate, as well as Creditor, for the Trustee to proceed with a sale of the Property directly to Creditor free and clear of all liens pursuant to §363(b) and (f) and Role 6004.

32. As a condition to proceeding with the proposed transaction, it would be necessary either for the Trustee to withdraw the pending notice of intent to sell and re-file as a motion to sell free and clear, or this Court deny the current Motion.

33. Upon withdrawing of this Motion, Creditor intends to conduct a title search in order to ensure clear title and adequate notice to all necessary parties associated with the sale.

34. The possible free and clear sale under §363 to Creditor would provide Creditor will its collateral as the code intends, provide a greater benefit to the estate and would not materially harm Creditor as the relief requested in the Motion would.

35. Creditor reserves the right to file a Motion for Relief in relation to the property to proceed with a state foreclosure action and apply the proceeds from such sale against the total secured claim of the Creditor.

36. Creditor requests a hearing on the Motion.

37. Creditor reserves the right to conduct Discovery in response to the Motion including the right to conduct a 2004 Examination on the Buyer as as to ascertain their intent in regard to the Property, and reserves the right to supplement this response.

WHEREFORE, The Bank Of New York Mellon FKA The Bank Of New York As Trustee For The Certificateholders Of The CWALT, Inc., Alternative Loan Trust 2005-J11 Mortgage Pass-Through Certificates, Series 2005-J11, as serviced by Bank of America, N.A. respectfully requests this Honorable Court to:

a) Deny the Trustee's Report and Notice of Intention to Sell, and

b) Compel the Trustee to abandon the estate's interest in subject property, or in the alternative,

c) Permit Creditor to credit bid at the proposed sale pursuant to §363(k), or in the alternative

d) Permit Creditor to bid a mixture of Cash and Credit Bid at the proposed sale; or

e) Direct the Trustee to sell the Property Free and Clear of all Liens and encumbrances to Creditor; and

f) For such other and further relief the Court deems just and proper.

By: */s/ Owen Hare*
Owen Hare FBN: 89053
Morris|Hardwick|Schneider, LLC
6 Nashua Court, Suite D
Baltimore, MD 21221
1-410-284-9600
ohare@closingsource.net
Attorney for Creditor

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by standard first class mail or CM/ECF, this 22nd day of October, 2013 to the following:

Chapter 7 Trustee: Richard M Dauval, P.O. Box 13607, St. Petersburg, FL 33733-3607, richard.dauval@7trustee.net, FL39@ecfcbis.com

U.S. Trustee: United States Trustee-TPA7, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602, Terry.M.Boatner@usdoj.gov, USTPRegion21.TP.ECF@USDOJ.GOV

Attorney for Debtors: Glenn E Gallagher, Clark & Washington, LLC, 4218 W Linebaugh, Tampa, FL 33624 cwtampa@cw13.com, cwtampa@cw13.com; tampaecfhome@cw13.com; tampaecfhome@cw13fl.com

Tiffany Love McElheran on behalf of Creditor Symphony Isles Master Association, Inc. tmcelheran@bushross.com, ygonzalez@bushross.com

MDTR LLC, As Trustee, 424 E. Central Blvd., Orlando, FL 32801

Christopher B. Cooper, 925 Allegro Lane, Apollo Beach, FL 33572

Deborah Wages Cooper, 925 Allegro Lane, Apollo Beach, FL 33572

                                          */s/ Owen Hare*
                                          Owen Hare
                                          Morris|Hardwick|Schneider, LLC
                                          6 Nashua Court, Suite D
                                          Baltimore, MD 21221
                                          1-410-284-9600
                                          ohare@closingsource.net
                                          Attorney for Creditor